UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GREG CORBIN and GALYA CORBIN,

              Plaintiffs,

     -against-                          Case No. 26-5840

CHANA RINGEL,

              Defendant.

------------------------------------------------------------X

## NOTICE OF REMOVAL

Defendant Chana Ringel ("Defendant"), by and through her undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Federal jurisdiction exists in this action because there is complete diversity among the parties. Defendant is not a citizen of New York. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court properly has diversity jurisdiction over this matter.

Defendant states the following grounds for removal:

1.      On May 26, 2026, Plaintiffs Greg Corbin and Galya Corbin filed a Verified Complaint ("Compl.") in the Supreme Court of the State of New York, County of New York, Index No. 156817/2026. Plaintiffs allege that Defendant leased the residential apartment known as 225 West 83rd Street, Unit 3TU, New York, New York (the "Apartment") at a rent of $15,000

per month, and that the Apartment was not delivered in move-in-ready condition and suffered from various alleged defects.  (Compl. ¶¶ 1–4).

2.      As set forth more fully below, this case is properly removed because this Court has diversity jurisdiction. The amount in controversy with respect to all claims exceeds $75,000, exclusive of interest, attorney's fees and costs.  Further, there is complete diversity of citizenship between Plaintiffs and Defendant.  Plaintiffs are citizens of New York, and Defendant is not a New York citizen.

## I.      The Procedural Requirements of Removal Are Met

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents filed in the state court action are attached as Exhibit A.

4.      Defendant is filing this Notice of Removal within thirty (30) days of service of the Verified Complaint on June 10, 2026, the first document from which the basis for removal could be ascertained.  *See* 28 U.S.C. § 1446(b).  Accordingly, removal of this action is timely.

5.      The United States District Court for the Southern District of New York is the district court for the district and division within which the state court action is pending.  *See* 28 U.S.C. §§ 112(b), 1441(a).  It is therefore the proper forum for removal.

6.      Defendant is not a citizen of New York, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).  As the Complaint alleges, Defendant resides and is a citizen of New Jersey.  Defendant Chana Ringel is the sole named defendant and the only defendant properly joined and served in this action. Accordingly, no additional consent to removal is required.

7.      A copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the state court.  *See* 28 U.S.C. § 1446(d).

8.    If any question arises about this removal, Defendant respectfully requests the opportunity to present briefing and oral argument in support of removal.

## II.    Removal Is Proper Because This Court Has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441

9.    A defendant may remove an action from state court to federal court if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a).  Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See id*. § 1332(a).

### A.    The "Amount in Controversy" Requirement Is Satisfied

10.    It is clear from the face of Plaintiffs' Complaint that the amount-in-controversy requirement is satisfied.  "The Supreme Court recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Young v. Hartford Cas. Ins. Co.,* 503 F. Supp. 3d 1125, 1173 (D.N.M. 2020) (citing *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014)); *see also Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 299 & n.11 (2d Cir. 2021) (quoting *Dart Cherokee*, 574 U.S. at 88).

11.    Removal is proper where "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *MBIA Ins. Corp. v. Royal Bank of Canada,* 706 F. Supp. 2d 380, 391 (S.D.N.Y. 2009) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)).

12.    Plaintiffs expressly allege that their damages "exceed $75,000, exclusive of interest, costs, attorneys' fees where recoverable, and additional equitable relief."  (Compl. ¶ 127) (damages section).  Plaintiffs' Prayer for Relief demands compensatory damages of "not less than

$90,000" and other additional monetary damages not including interest, costs and costs.  (Compl. Prayer for Relief §§ A–H).

13.     The Supreme Court has made clear that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee* 574 U.S. at 81, 87-89.  Here, Plaintiffs expressly seek damages exceeding $75,000 and compensatory damages of not less than $90,000.  Accordingly, the amount-in-controversy requirement is satisfied.

14.     Considering Plaintiffs' express allegations of damages, the scope of relief sought, and the absence of any express limitation below the jurisdictional threshold, Plaintiffs' claims plainly satisfy the amount-in-controversy requirement.

**B.     Complete Diversity of Citizenship Is Present**

15.     There is complete diversity of citizenship between the parties.

16.     The Complaint alleges that Plaintiffs Greg Corbin and Galya Corbin reside in New York County, New York. (Compl. ¶¶ 11–12).  Plaintiffs were domiciled in New York at the time this action was commenced and therefore are citizens of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

17.     Defendant Chana Ringel is, and was at the time Plaintiffs commenced this action, an individual domiciled at 29 Sussex Road, Bergenfield, New Jersey 07621.  (Compl. ¶ 13).  For purposes of diversity jurisdiction, an individual's citizenship is determined by domicile. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Accordingly, Defendant Ringel is a citizen of New Jersey for purposes of federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

18.    Because Plaintiffs are citizens of New York, whereas Defendant Ringel is a citizen of New Jersey, complete diversity of citizenship exists between all Plaintiffs and Defendant, and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

## CONCLUSION

WHEREFORE, notice is given that this action is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       July 9, 2026

Respectfully submitted,

/s/ Efrem Schwalb
Efrem Schwalb
KOFFSKY SCHWALB, LLC
500 Seventh Avenue, 8th Floor
New York, New York 10018
(646) 553-1590
*Counsel for Defendant Chana Ringel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July, 2026, a true and correct copy of this Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Michael R. Cohen, Esq.
GREEN & COHEN, P.C.
319 East 91st Street, Professional Suite
New York, NY 10128
Phone: (212) 831-4400
Email: michael@greenandcohenlaw.com
Attorneys for Plaintiffs

By: /s/ Efrem Schwalb
Efrem Schwalb
KOFFSKY SCHWALB LLC
500 Seventh Avenue, 8th Floor
New York, NY 10018
T: (646) 553-1590
F: (646) 553-1591
eschwalb@koffskyschwalb.com
Attorneys for Defendant